**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KHATIJA KHAN,                               )
                                            )
                    Petitioner,             )
                                            )
vs.                                         )   Civil No. 3:25-cv-00339-GCS
                                            )
THOMAS LILLARD, Warden,                     )
                                            )
                    Respondent.             )

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

On March 11, 2025, Petitioner Khatija Khan, a federal prisoner previously incarcerated at the Federal Prison Camp at FCI Greenville, Illinois ("FCI Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of time credits under the First Step Act of 2018 ("FSA") pursuant to 28 U.S.C. § 3632. (Doc. 1). Specifically, Khan argues she is entitled to 44 days of FSA time credit (1 day of FSA credit while in administrative detention and 43 days of FSA credit while on a federal writ of habeas corpus ad testificandum). (Doc. 1, p. 15). She asks the Court to direct the Bureau of Prisons ("BOP") to determine she is entitled to FSA credits without regard to where she was housed or her writ status as described in 28 C.F.R. § 523.41(c)(4)(i-iv). (Doc. 1, p. 8). On July 11, 2025, the Court ordered Respondent to

Page **1** of **6**

respond to the petition.[1] The Respondent opposes the petition. (Doc. 10). Based on the reasons delineated below, the Court **DENIES** the petition.

On September 1, 2022, Khan was sentenced to 60-months, for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and mail fraud in violation of 18 U.S.C. § 1341. She also received three years of supervised release. *See generally United States v. Khan*, Case No, 3:19-CR-00314-SRU-2 (D. Conn.). Petitioner arrived at the BOP to serve her sentence on April 14, 2023. (Doc. 10-2, p. 2). At the time she filed her petition, Khan was housed at FCI Greenville. The record reflects Khan transferred from FCI Greenville to a Residential Reentry Center ("RRC") on July 22, 2025. *Id*. A visit to the BOP website reveals Khan is currently at New York RRM with a release date of July 16, 2026. *See* BOP, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited March 30, 2026).

### DISCUSSION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his or her sentence. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative

---

[1]     On August 25, 2025, after full consent of the parties, this matter was assigned to the undersigned for disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73. (Doc. 15).

matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). To obtain a writ of habeas corpus, a prisoner must show that he or she is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See, e.g., Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (noting that courts may "review a claim concerning the computation of sentence only after administrative remedies have been exhausted").

First, Petitioner argues she has exhausted all available remedies, (Doc. 1, p. 10), but then she argues if she did not exhaust, such failure may be excused where either the remedies would be futile or unable to afford the petitioner the proper relief. *Id.* at p. 12. Here, the Court need not resolve whether Petitioner may be excused from the exhaustion requirement as her claim fails on the merits.

Under 18 U.S.C. § 3632(d)(4), eligible prisoners who successfully complete evidence-based recidivism reduction ("EBRR") programming or productive activities ("PA") shall earn time credits at a rate of 10 days for every 30 days of successful participation in EBRR programming or productive activities. However, a prisoner may not earn time credits for an evidence-based recidivism reduction program completed during official detention prior to the date that the prisoner's sentence commences under

18 U.S.C. § 3585(a). *See* 18 U.S.C. § 3632(d)(4)(B)(ii). Further, a prisoner may not earn time credits while in designation status outside the institution. *See* 28 C.F.R. § 523.419(c)(4)(iii).

Several courts have found that the BOP's policy conflicts with the statute. *See, e.g.,* *Borker v. Bowers*, Civil No. 24-10045-LTS, 2024 WL 2186742, at *2 (D. Mass. May 15, 2024) (finding that the regulation is at odds with the plain language of the statute); *Wong v. Warden*, No. 4:24-CV-04117-CBK, 2024 WL 4027918, at *2 (D. S.D. Sept. 3, 2024) (stating that "in this case the BOP's final rule for the start date that an inmate may earn FSA Time Credits is contrary to Congress's directive that the BOP is required to 'provide all prisoners with the opportunity to actively participate in [EBRR] programs . . . throughout their entire term of incarceration.' 18 U.S.C. § 2621(h)(6)."); *Patel v. Barron*, Case No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023) (finding that 28 C.F.R. § 523.42(a) directly conflicts with an unambiguous statute and that BOP was not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)); *Yufenyuy v. Warden, FCI Berlin*, 659 F.Supp.3d 213, 218 (D.N.H. 2023) (same); *Sharma v. Peters*, Case No. 2:24-CV-158-RAH-KFP, 2024 WL 4668135, at *9 (M.D. Ala. Nov. 4, 2024) (evaluating 28 C.F.R. § 523.41 under the *Loper* standard and finding "the undersigned is not convinced that Sharma's purported inability to earn FTCs for which he was eligible was because he was housed outside of his designated facility."); *but see Stevens v. Jacquez*, Case No. 3:23-CV-01482-AA, 2024 WL 3200546, at *4 (D. Ore. June 25, 2024) (finding that the policy conflicts with the plain language of the FSA but that

Page **4** of **6**

petitioner could not show he successfully participated in programming); *Solberg v. Eischen*, Case No. 23-cv-3568 (ECT/DTS), 2024 WL 3251713, at *2 (D. Minn. May 7, 2024), report and recommendation adopted, File No. 23-cv-3568 (ECT/DTS), 2024 WL 3086630, at *1 (D. Minn. June 21, 2024) (noting that petitioner could not show he had participated in programming); *Dane v. Bayless*, Civil Action No. 5:24-CV-157, 2024 WL 5150683, at *3-5 (N.D. W. Va. Nov. 20, 2024) (following *Stevens*), report and recommendation adopted, Civil Action No. 5:24-CV-157, 2024 WL 5150650 (N.D. W. Va. Dec. 17, 2024); *Harper v. Warden, FCI Waseca*, Case No. 23-cv-2502 (JRL/TNL), 2024 WL 3164981, at *5-6 (D. Minn. May 28, 2024), report and recommendation adopted, Civil No. 23-2502 (JRT/TNL), 2024 WL 3163730 (D. Minn. June 25, 2024).

Here, the Court need not decide whether the BOP's regulations conflict with the FSA because even if they do, Khan has not established that she is entitled to an award of FSA time credit of 1 day for the first three days of administrative detention prior to April 14, 2023, and an award of FSA time credit of 43 days from January 23, 2024, to April 19, 2024, while she was on a writ. To be entitled to FSA time credit, Khan had to successfully participate in EBRR programming or PAs during these time frames. Khan has not demonstrated in her petition, or any of the attachments thereto that she successfully participated in any EBRR programming or PAs during these periods, to justify an award of additional FSA time credit. Instead, it appears she is seeking FSA time credit simply because she was sentenced and incarcerated. This is supported by the arguments in her

pleadings as it focuses on when she should have earned FSA time credit instead of pointing to any evidence that she successfully participated in any EBRR programming or PAs during these time periods. Accordingly, Khan has not shown that the BOP failed to properly calculate and apply her FSA time credits and, consequently, she is not entitled to habeas relief in this matter.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Khan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court **DISMISSES with prejudice** this matter. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and close the case.

**IT IS SO ORDERED.**

**DATED: April 20, 2026.**

Digitally signed by Judge Sison
Date: 2026.04.20 15:23:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **6** of **6**